# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**DEIDRA BONTON, ET AL.**                                    **CIVIL ACTION NO.**

**VERSUS**

**23-92-BAJ-EWD**

**JAMES MILLER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 19, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DEIDRA BONTON, ET AL.**               **CIVIL ACTION NO.**

**VERSUS**

                                         **23-92-BAJ-EWD**

**JAMES MILLER, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand, filed by Deidra[1] Bonton and Tyler Seaberry, III ("Plaintiffs"), individually and on behalf of their minor children C.S. and D.S.[2] It is undisputed that this case was removed to the wrong federal district court, which is a procedural defect. Because Plaintiffs timely moved for remand based on that defect and because the removal statute is strictly construed in favor of remand, it is recommended[3] that the Motion to Remand be granted.

**I.  BACKGROUND**

This is a civil action for damages from an automobile accident that occurred on December 20, 2021 in Avoyelles Parish, Louisiana, when the vehicle driven by Miller struck the car occupied by Plaintiffs (the "Accident").[4] At the time of the Accident, Miller was in the course and scope of his employment with Defendant JEM Express Inc. ("JEM").[5] Plaintiffs allege that they suffered personal injuries as a result of the Accident, and also sue on behalf of their minor children for loss of consortium with their parents.[6] On October 20, 2022, Plaintiffs filed suit in the Twelfth Judicial

---

[1] As spelled in the captions on the Notice of Removal and Petition, R. Doc. 1, p. 1 and R. Doc. 1-7, p. 1. Plaintiffs' Motion lists the spelling as "Deirdra" and "Deirdre." R. Doc. 5, p. 1.
[2] R. Doc. 5. There is also pending a Motion to Transfer Venue, filed by Progressive County Mutual Insurance Company and James Miller ("Defendants") (R. Doc. 10), which seeks to cure the improper removal of the case to this court. Although not referred to the undersigned, because remand is recommended, it will also be recommended that the Motion to Transfer Venue, which raises overlapping issues, be denied.
[3] *See, e.g., Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").
[4] R. Doc. 1-7, p. 2, ¶¶ 2, 5-6.
[5] R. Doc. 1-7, p. 3, ¶ 12.
[6] R. Doc. 1-7, p. 3, ¶¶ 8-9.

District Court for the Parish of Avoyelles, State of Louisiana, against Miller, JEM, Progressive, as the alleged liability insurer of Miller and JEM, and Safeco Insurance Company of Oregon, Plaintiffs' alleged un-/underinsured motor vehicle insurer.[7] On February 10, 2023, Defendants removed the action to this Court, alleging diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants adequately alleged that Plaintiffs are Louisiana citizens; Miller is a Texas citizen; Progressive is an Ohio company with its principal place of business in Ohio; JEM is a Texas corporation with its principal place of business in Texas; and Safeco is a Massachusetts company with its principal place of business in Massachusetts. Furthermore, the amount in controversy requirement appeared to be met, based on the Plaintiffs' affirmative responses to requests for admissions and recommendations for surgeries for Plaintiffs' injuries.[8]

On February 17, 2023, Plaintiffs filed the Motion to Remand, which is opposed by Defendants. Plaintiffs seek return of this case to state court because Defendants removed the case to the wrong federal district court.[9] Six days later, Defendants filed their Motion to Transfer Venue, seeking a transfer of this matter to the U.S. District Court for the Western District of Louisiana, Alexandria Division, which is the federal district court of proper venue for the suit. Plaintiffs oppose the Motion to Transfer.[10] On February 23, 2023, the same day that Defendants filed their Motion to Transfer Venue, a telephone conference was held with the parties to discuss the removal and the Motions, and guidance was given to the parties.[11]

---

[7] R. Doc. 1-7, pp. 1, 3, ¶¶ 1, 10-11.
[8] R. Doc. 1, ¶¶ 1-5, 7-8. *See* R. Doc. 1-1, pp. 12, 25-26 (Plaintiffs' responses to requests for admissions, admitting that the amount in controversy exceeds $75,000 and admitting that Plaintiffs' doctors have related their need for surgery to injuries caused by the Accident. *See also* R. Doc. 1-1 (Plaintiffs' interrogatory responses regarding their injuries and treatment).
[9] *See* R. Doc. 5, R. Doc. 12, (Defendants' opposition memorandum), and R.Doc. 16 (Plaintiffs' reply brief).
[10] *See* R. Docs. 10, 13.
[11] R. Doc. 11. If they agreed that the removal was improper, Defendants were ordered to withdraw their Notice of Removal prior to the conference. R. Doc. 7. Defendants did not withdraw the Notice of Removal.

2

## II.   Law and Analysis

### A.  Applicable Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[13]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[14]  In this case, diversity jurisdiction has been adequately established, and is also not disputed by any party.[15]

As it relates to the forum for removed cases, 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, **to the district court of the United States for the district and division embracing the place where such action is pending**.[16]

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).[17]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the

---

[12] 28 U.S.C. § 1441(a).
[13] 28 U.S.C. § 1332(a)(1).
[14] *Scott v. Office Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *3 (M.D. La. May 7, 2015), citing *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[15] Remand is proper if at any time the court lacks subject matter jurisdiction, but subject matter jurisdiction is not an issue in this case.  *See* 28 U.S.C. § 1447(c).
[16] 28 U.S.C. § 1441(a) (emphasis added).  *See also* 28 U.S.C. § 1446(a) ("Generally--A defendant or defendants desiring to remove any civil action from a State court shall file **in the district court of the United States for the district and division within which such action is pending** a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.") (emphasis added).
[17] 28 U.S.C. § 1447(c).

3

propriety of removal should be resolved in favor of remand.[18] The removing party bears the burden of showing, if challenged, that the removal was procedurally proper.[19]

### B. Remand is Warranted Because the Removal Was Procedurally Defective and Was Timely Challenged by Plaintiffs

The essential facts are undisputed: diversity subject matter jurisdiction has been adequately alleged, but this is not the district court embracing the place where the state court action was pending, and the case should have been removed to the U.S. District Court for the Western District of Louisiana, Alexandria Division.[20] Plaintiffs filed their Motion to Remand challenging the procedural defect less than 30 days after the case was removed. The parties only disagree as to the correct disposition of the case—Plaintiffs seek remand to state court, while Defendants seek transfer to the Western District, Alexandria Division.

Plaintiffs rely on *Hinkley v. Envoy Air, Inc.*[21] There, the defendant removed the case to the U.S. District Court for the Northern District of Texas but should have removed the case to the Western District of Texas. The Northern District of Texas *sua sponte* transferred the case to the Western District of Texas pursuant to 28 U.S.C. § 1631, which authorizes certain transfers for lack of jurisdiction.[22] However, on motion of the defendant under 28 U.S.C. § 1404(a),[23] the case was

---

[18] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[19] *Scott,* 2015 WL 2137458, at *3, citing *Manguno v. Prudential Property and Casualty Insurance Company,* 276 F.3d 720, 723 (5th Cir. 2002).
[20] R. Doc. 5-1, p. 2, R. Doc. 12 (Opposition to Remand), R. Doc. 13, p. 5 (Opposition to Transfer) and R. Doc. 16, p. 3 (Reply in support of remand). *See also* 28 U.S.C. § 98(c). Plaintiffs alleged that venue was proper in the Twelfth Judicial District Court pursuant to La. C.C.P. art. 42 "because this crash occurred in Avoyelles Parish." R. Doc. 1-7, p. 2, ¶ 3. There is no indication from the state court record that there was a dispute as to venue in that court.
[21] 968 F.3d 544, 546 (5th Cir. 2020).
[22] "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."
[23] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

4

transferred back to the Northern District of Texas based on a forum selection clause. The Northern District of Texas ultimately dismissed the case.[24] The plaintiffs did not seek remand while the case was pending in the district courts but challenged on appeal the Northern District of Texas decision to transfer of the case under § 1631 instead of remand to state court because the Northern District of Texas was the wrong court for removal. The Fifth Circuit held that "[R]emoval to the incorrect judicial district is procedural error…," not jurisdictional,[25] and while the removal was procedurally improper, it was not timely challenged by the plaintiffs via a motion to remand.[26] The court also held that the challenge to the transfer was moot because even if the §1631 transfer to the Western District of Texas was error, the case was transferred back to the Northern District.[27]

Relying on *Hinkley*, Plaintiffs in this case contend that they are entitled to remand because, unlike the *Hinkley* plaintiffs, they timely challenged the defective removal under 28 U.S.C. § 1446.[28] Plaintiffs assert that other courts in this circuit have relied on *Hinkley* in remanding cases that were not removed to the proper federal district court.[29]

Defendants counter that, when an action is brought in the wrong venue, the district court may in the interest of justice transfer the case to any district or division in which it could have been brought pursuant to 28 U.S.C. § 1406.[30] Defendants rely on a decision from the Eastern District of Louisiana in *Derise v. Life Insurance Company of North America*, which holds: "Removal to a court of improper

---

[24] 968 F.3d at 550.
[25] 968 F.3d at 547-48.
[26] *Id.* at 549-50.
[27] *Id.* at 548-49.
[28] R. Doc. 5-1 citing 968 F.3d at 550 and R. Doc. 16, p. 3.
[29] R. Doc. 5-1, citing *Trahan v. United Specialty Ins. Co.,* No. 21-383, 2021 WL 2251662, at *1-2 (W.D. La. May 11, 2021), report and recommendation adopted, No. 21-383, 2021 WL 2229670 (W.D. La. June 2, 2021), quoting *Hampton Pugh Company, LLC v. Monsanto Co.*, No. 17-200, 2018 WL 295563 (E.D. Ark. 2018) and *Mendez v. FIT Transp. Logistics, Inc.,* No. 20-270, 2020 WL 7264814, at *2 (W.D. Tex. Dec. 10, 2020). In *Mendez*, the plaintiff sought remand on the basis that the removal violated the forum defendant rule, and the court *sua sponte* held that remand was additionally appropriate because the case was removed to the wrong Texas district court. *Id.* at *1-2. *See also* R. Doc. 13, pp. 2-3 (Plaintiff's Opposition to the Motion to Transfer) which asserts similar arguments.
[30] R. Doc. 12, p. 2 and *see* R. Doc. 10-1 (Defendants' Memorandum in support of Motion to Transfer Venue), which contains the same arguments.

5

venue [] does not mandate remand to the state court." The *Derise* court granted the defendant's motion to transfer in the interest of justice and denied the plaintiff's motion to remand.[31] Defendants similarly assert that in *S.W.S. Erectors, Inc. v. Infax, Inc.,* on which *Derise* relies, the Fifth Circuit held that removal of a case to the wrong venue presents a procedural, not jurisdictional question, and "[w]hen a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue."[32] Defendants distinguish *Trahan* and *Mendez*, relied on by Plaintiffs, arguing that neither of those cases involved a competing motion to transfer venue, and assert that *Hinkley* acknowledged that transfer of venue is an appropriate remedy.[33]

In reply, Plaintiffs contend that *Derise* and *S.W.S. Erectors, Inc.* did not address remand in connection with a defect in removal procedure, but rather, addressed whether a court has subject matter jurisdiction over cases removed to the wrong venue. Plaintiffs also point out that the motion to transfer in *Derise* was unopposed, such that the case is factually distinguishable.[34] Finally, Plaintiffs argue that Defendants' assertion that *Hinkley* supports transfer in this case is misplaced, because Plaintiffs timely challenged remand, and the *Hinkley* court held that, "had appellants timely filed a motion to remand, the action presumably would have been remanded to state court based on [the defendant] having removed to the incorrect judicial district."[35]

---

[31] No. 98-0797, 1998 WL 231037, at *1 (E.D. La. May 7, 1998), citing *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 493, n. 3 (5th Cir. 1996).
[32] R. Doc. 12, p. 2, citing *S.W.S. Erectors*, 72 F.3d at 493 n. 3, (citing *Kreimerman v. Casa Veerkamp, S.A.D. de C.V.*, 22 F.3d 634, 644-45 (5th Cir. 1994), *cert. denied,* 513 U.S. 1016 (1994)).
[33] R. Doc. 12, pp. 2–3. However, the *Trahan* court noted that "the defendants suggest that this matter should be *transferred* to the Middle District [the correct venue] rather than *remanded* to the 19th Judicial District Court." Therefore, the issue of transfer was raised in *Trahan*. *Trahan,* 2021 WL 2251662, at *1.
[34] R. Doc. 16, p. 1, R. Doc. 13, p. 4 *and see* 1998 WL 231037 at *1. While Plaintiffs argue that "there is also no jurisprudence that indicates that filing a motion to transfer somehow cures a defect in removal procedure when the procedural defect is timely raised within thirty days of removal as it was in this case," (R. Doc. 16, p. 2), the court in *Derise* declined to grant the motion to remand despite the defective venue and instead transferred it on the defendant's motion. However, *Derise* did not expressly hold that the motion to transfer cured the defect, and as noted, the motion to transfer was unopposed, which is not the case here. *See* R. Doc. 13 (Plaintiff's Opposition to the Motion to Transfer).
[35] R. Doc. 16, p. 2, citing *Hinkley*, 968 F.3d at 549-50.

While *Hinkley*, a case decided 24 years after *S.W.S. Erectors, Inc.*, does not squarely address the question before this Court because the *Hinkley* plaintiffs did not seek remand, *Hinkley* does strongly suggest that remand, rather than transfer, is appropriate in this case where Plaintiffs have timely raised the procedural defect of removal to the wrong federal district court:

> …**[P]rocedural defects require the action's being remanded to state court only if plaintiff files a motion to remand "within 30 days after the filing of the notice of removal under section 1446(a)"** (describing removal procedure). 28 U.S.C. § 1447(c). Otherwise, plaintiff waives any objection to the procedural defect, and the action proceeds in federal court, even though removal was procedurally improper. *Resolution Tr. Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 131 (5th Cir. 1991).
>
> Removal was [] improper because Envoy filed the notice of removal in the incorrect federal judicial district. As noted, this action was filed in the Texas 451st district court, located in the federal western district. 28 U.S.C. § 124(d)(4). By electing to file the notice of removal in the federal northern district, Envoy removed it improperly.
>
> …
>
> **Therefore, had appellants timely filed a motion to remand, the action presumably would have been remanded to state court based on Envoy's having removed to the incorrect judicial district (*and the district court for the northern district would not have reached the transfer issue*).** But, as stated, appellants did not do so.[36]

After confirming that removal to the incorrect district court is a procedural error, and not jurisdictional as urged by the plaintiff, the *Hinkley* court held: "Because Envoy's improper removal to the northern district was a procedural error, remand to state court was not required in the absence of a timely motion to remand."[37]

In this case, Plaintiffs timely filed a motion to remand challenging Defendants' procedurally defective removal to the wrong federal district court. Defendants, as the removing parties, bear the

---

[36] *Hinkley*, 968 F.3d at 549-50 (emphasis added), also cited by Plaintiffs at R. Doc. 13, pp. 4-5 and R. Doc. 16, p. 2. *See also Trahan*, 2021 WL 2251662 at *1-2 (remanding case removed to the wrong district on timely remand motion). *Derise* is not controlling and predates *Hinkley*. Also, as pointed out by Plaintiffs, *Derise* is distinguishable because the motion to transfer in that case was unopposed.

[37] *Hinkley,* 968 F.3d at 548-49 and 551, citing 28 U.S.C. § 1447(c) and *Belser v. St. Paul Fire & Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992) (citations omitted).

7

burden of showing that the removal was procedurally proper. Defendants cannot do so because they acknowledge that they removed the case to the wrong district court. Therefore, remand is proper.[38]

*S.W.S. Erectors, Inc.* must be considered in light of its facts and the authority that both preceded and followed it. There, the defendant removed the case to the wrong *division* of the U.S. District Court for the Southern District of Texas, *i.e.*, to the Galveston Division versus the Houston Division, as there was related litigation filed by the plaintiff already pending in the Houston Division. The plaintiff "immediately" moved to remand, alleging improper venue and inadequacy of the amount in controversy.[39] In response, the defendant moved to transfer to the Houston Division, but the district court remanded the case solely based on the defective removal to the wrong court. Thereafter, the district court noted in a clarifying opinion that it was "not proper" to transfer the case.[40] In a footnote, the Fifth Circuit specifically addressed the lower court's clarifying order that transfer was improper and disagreed, holding that defective venue does not deprive the court of subject matter jurisdiction.[41] The Fifth Circuit further noted that, when a case is removed to the wrong district, "the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue."[42] For this proposition, the Fifth Circuit cited *Kreimerman v. Casa Veerkamp, S.A.*

---

[38] *Scott,* 2015 WL 2137458, at *3, citing *Manguno,* 276 F.3d at 723 and *see Hinkley*, 968 F.3d at 549-50; *Trahan,* 2021 WL 2251662 at *1-2; and *e.g., Belser,* 965 F.2d 9 (declining to retroactively apply the Judicial Improvements and Access to Justice Act (which amended the law to require remands sought on procedural defects to be filed within 30 days of removal) which would have nullified the plaintiff's motion to remand asserting untimely removal, and holding "…when the Plaintiff timely filed his motion to remand [under the prior law], his right to remand became mature and unconditional"). *See also Lozada v. Regal Ware, Inc.,* 564 F. Supp. 2d 715, 717 (W.D. Tex. 2008) ("A district court shall remand a case 'if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure.'"), citing *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir. 1993); *Hammonds v. Youth for Christ USA,* No. 05-531, 2005 WL 3591910, at *2 (W.D. Tex. Aug. 16, 2005) ("When a party makes a timely motion to remand asserting a procedural defect, such as the failure of all the defendants to join in or consent to removal, remand is required."); and *Thompson v. Louisville Ladder Corp.,* 835 F. Supp. 336, 340 (E.D. Tex. 1993) ("Read together, these [Fifth Circuit] cases convince this Court that when a party timely presents a motion to remand complaining of a procedural defect, remand is required.").

[39] Review of the district court docket sheet reflects that the notice of removal was filed on December 31, 1992, and the plaintiff's motion to remand was timely filed on January 13, 1993. *S.W.S. Erectors, Inc.*, No. 92-639 (S.D. Tex.), *see* R. Doc. 1 filed on Dec. 31, 1992 and R. Doc. 7 filed on Jan. 13, 1993.

[40] 72 F.3d at 491.

[41] 72 F.3d 494, n. 3 citing *Resolution Trust Corp.*, 937 F.2d at 130. As such, a defect in removal procedure was noted in *S.W.S. Erectors, Inc.*, somewhat contrary to Plaintiff's argument. R. Doc. 16, p. 1.

[42] *S.W.S. Erectors, Inc.,* 72 F.3d at 494, n. 3, citing *Kreimerman,* 22 F.3d at 644-45.

8

*de C.V.*, but that case involved a plaintiff who sought remand OR transfer of a removal to a defective district, the latter of which was unopposed by the defendant, but neither of which were granted by the district court.[43] On appeal, the Fifth Circuit held in *Kreimerman* that transfer was warranted.[44]

Furthermore, the *S.W.S. Erectors, Inc.* decision specifically noted that, "under the circumstances presented" in that case, a transfer would have been the most judicially conservative means of handling the case, but the court did not have to decide if the failure to transfer was reversible error, ostensibly because the case was removed a second time after the initial remand, and the propriety of the second removal was the primary disputed issue on appeal.[45]

The Court acknowledges the dicta in *S.W.S. Erectors, Inc.*, indicating that remand of a case filed in the wrong division is improper, despite a timely filed motion to remand challenging it. However, *S.W.S. Erectors, Inc.* was decided more than 20 years before *Hinkley*, and the latter is a more recent pronouncement of the Fifth Circuit. *Hinkley* holds that removal of a case to the wrong district court raises a procedural defect, and strongly indicates that remand is warranted if timely sought based on that defect.[46]

---

[43] *Kreimerman,* 22 F.3d at 636-37.  *S.W.S. Erectors, Inc.* also cites *Resolution Trust Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 130 (5th Cir. 1991), for the proposition that "Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case."  Defendants rely on both *Kreimerman* and *Resolution Trust Corp.* (R. Doc. 12, p. 2, n. 3); however, neither *Kreimerman* nor *Resolution Trust Corp.* address the issue of whether transfer should be ordered over a timely filed motion to remand challenging defective venue.  In *Kreimerman,* the case was removed to the wrong division (S.D. Tex., Houston Div.), and *the plaintiff* sought either remand *or* transfer to the correct division (S.D. Tex., McAllen Div.), both of which was denied by S.D. Tex, Houston Div.  22 F.3d at 636-37.  The Fifth Circuit held that removal to the wrong division did not deprive the court of jurisdiction but was instead a procedural defect, "more akin to an improper venue situation," which the district court should have cured by transferring under 28 U.S.C. § 1406.  The case was remanded to the S.D. Tex., Houston Div. with instructions to transfer it to the McAllen Div., for the latter division's reconsideration of other issues.  *Id.* at 644-45. Notably, however, it does not appear that there was a challenge to the transfer in *Kreimerman,* as the plaintiff sought either transfer or remand.   In *Resolution Trust Corp.,* the court generally held that removal to the incorrect district court results in a defect that is waived if not timely raised, and in that case, the venue objection was waived because the motion to remand was untimely. 937 F.2d at 130-31.
[44] 22 F.3d at 644-45.
[45] 72 F.3d at 494, n. 3.
[46] *See also Trahan,* 2021 WL 2251662 at *1-2 (granting timely sought remand of case removed to the wrong district and declining transfer) and *Mendez,* 2020 WL 7264814, at *1-2.  In *Hinkley,* the Fifth Circuit also distinguished *S.W.S. Erectors, Inc.* on the basis that the case held removal to the wrong federal *division* is a procedural defect, whereas the defect in *Hinkley,* as in this case, involved removal to the wrong federal *district.*  968 F.3d at 550-51.

9

Finally, transfer under 28 U.S.C. § 1406, the applicable venue provision, is discretionary,[47] whereas per *Hinkley*, "…[P]rocedural defects **require** the action's being remanded to state court only if plaintiff files a motion to remand 'within 30 days after the filing of the notice of removal under section 1446(a).'"[48] "A district court shall remand a case 'if the court lacks subject matter jurisdiction over the case, or on timely motion if there is a defect in the removal procedure.'"[49] As noted by the U.S. Court for the Southern District of Mississippi:

> Most cases emphasize that the procedural requirements for removal from state to federal court, although not jurisdictional, are to be strictly construed and enforced in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *McManus v. Glassman's Wynnefield, Inc.,* 710 F.Supp. 1043, 1045 (E.D. Pa. 1989). There is nothing in the removal statute that suggests that a district court has "discretion" to overlook or excuse prescribed procedures. Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1215 (3rd Cir. 1991); *Employers Ins. of Wausau v. Certain Underwriters,* 787 F.Supp. 165, 166 (W.D. Wis. 1992); *Shamrock Oil & Gas,* 313 U.S. at 108-09.[50]

### III. RECOMMENDATION

There is no dispute that this proceeding was removed to the wrong federal district court--a procedural defect that was timely challenged by Plaintiffs under 28 U.S.C. § 1447(c). The removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor

---

[47] Transfers of cases removed to the wrong district court are properly sought via 28 U.S.C. § 1406, as opposed § 1404. 14D Charles A. Wright, Arthur R. Miller, & Richard D. Freer, Fed. Prac. & Proc. Juris. § 3827 (4th ed. 2023) ("A prerequisite to invoking Section 1406(a) is that the venue chosen by the plaintiff is improper") and 14C Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, Fed. Prac. & Proc. Juris. § 3732 (Rev. 4th ed. 2023) ("A defendant's failure to remove a case to the correct 'division' as dictated by Section 1446(a) of Title 28 is not a jurisdictional defect, but a procedural one, and therefore must be objected to or the defect is waived. Such a procedural defect also may be cured simply by transferring the case under Section 1406(a) to the correct division division.").

[48] *See Seville v. Maersk Line, Ltd.,* 53 F.4th 890, 894 (5th Cir. 2022) ("Where venue is improper, the district court should generally dismiss the case. But the court retains discretion to transfer it to a proper venue if such a transfer would serve "the interest of justice." 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer* such case to any district or division in which it could have been brought." (emphasis added))") and *Hinkley,* 968 F.3d at 549 (emphasis added).

[49] *Lozada,* 564 F. Supp. 2d at 717 citing *Buchner,* 981 F.2d at 819. *See also Hammonds,* 2005 WL 3591910 at *2 ("When a party makes a timely motion to remand asserting a procedural defect, such as the failure of all the defendants to join in or consent to removal, remand is required.") and *Thompson,* 835 F. Supp. at 340.

[50] *Hobson v. Chase Home Finance, LLC,* No. 08-288, 2009 WL 2849591, at *3 (S.D. Miss. Sept. 1, 2009) (granting timely filed motion to remand due to the failure of all defendants to join in the removal within the required 30-day time period).

10

of remand."[51] Defendants cannot bear their burden to show that the removal was procedurally proper, and therefore remand is appropriate, which renders moot Defendants' pending Motion to Transfer Venue.[52]

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand, filed by Plaintiffs Deidra Bonton and Tyler Seaberry, III, individually and on behalf of their minor children C.S. and D.S.,[53] be **GRANTED,** remanding this matter to the Twelfth Judicial District Court for the Parish of Avoyelles.

**IT IS FURTHER RECOMMENDED** that the Motion to Transfer Venue, filed by Defendants Progressive County Mutual Insurance Company and James Miller, be **DENIED AS MOOT.**[54]

Signed in Baton Rouge, Louisiana on July 19, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[51] *Gasch*, 491 F.3d at 281-82.
[52] While the Motion to Transfer Venue was not referred to the undersigned, it asserts arguments and authority that directly overlap with the issues raised in the Motion to Remand. *Compare* R. Doc. 10-1 (Defendants' Memorandum in Support of Motion to Transfer Venue) with R. Doc. 12 (Defendants' Opposition to Plaintiffs' Motion for Remand). The recommendation to remand the case to state court moots the request to transfer the case to the proper federal judicial district.
[53] R. Doc. 5.
[54] R. Doc. 10.

11